[Civ. No. 748. Second Appellate District.—January 4, 1910.]

MARY JANE BELL, Administratrix, etc., of Estate of SOLOMON BELL, Deceased, Appellant, v. CAROLINE GERMAIN, J. A. GRAVES, and MAX LOEWEN-THAL, Executor of Last Will of EUGENE GERMAIN, CAROLINE GERMAIN, GERMAN SAVINGS AND LOAN SOCIETY OF SAN FRANCISCO, ALICE HENDERSON, and J. A. HENDERSON, Her Husband, Respondents.

ACTION TO QUIET TITLE TO CITY LOT—SLIGHT ENCROACHMENTS OF BUILD-INGS—PRESCRIPTIVE TITLE.—In an action to quiet title to a city lot, where buildings originally intended to be erected on lots of the same size had existed for more than fifteen years, making small encroachments of a fraction of a foot, and the evidence sustains a defense and finding of a prescriptive title in defendants, by adverse possession and payment of all taxes assessed thereon for more than five years before the action was commenced, a judgment for the defendants must be affirmed.

ID.—PAYMENT OF TAXES BY PLAINTIFF OUT OF POSSESSION NOT DEFEAT-ING PRESCRIPTION.—The payment of taxes by plaintiff out of pos-session on his lot would not defeat the presumptive right acquired by the defendants for their buildings under the circumstances of the case.

ID.—LEASE OF LOT TO OWNER OF ONE ENCROACHING BUILDING—ESTOP-PEL NOT APPLICABLE TO HIS BUILDING.—The fact that the deceased plaintiff had in his lifetime leased his lot to the owner of one of the encroaching buildings, would not estop him as to the location of his building. It merely gives him the right to hold possession of plaintiff's lot until the term therein has expired as prescribed in the lease.

ID.—ARGUMENT UPON APPEAL—RULE OF SIMPLICITY NOT DISPENSING WITH DUTY OF COUNSEL IN BRIEFS.—While this court encourages simplicity in briefs, so as to avoid prolixity, verbosity and repe-

tition, yet the rule of simplicity does not dispense with the duty of counsel to convey clearly in his brief to the court the facts of his client's case, a statement of the question of law involved, and the law he would have applied and the application he desires made of it by the court. This court cannot be expected to perform the duty of counsel, and will generally pass only upon the points sufficiently presented in the brief.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Will D. Gould, for Appellant.

Denis & Loewenthal, for Executors, and Caroline Germain, Respondents.

Ward Chapman, for German Savings and Loan Society, Respondent.

Borden & Carhart, for Alice Henderson, and J. A. Henderson, Respondents.

TAGGART, J.—Action to quiet title. Decree quieting title of defendants and awarding them costs. Plaintiff appeals from judgment and order denying her motion for new trial.

Plaintiff claims to own a lot fourteen feet wide abutting on Los Angeles street in the city of Los Angeles, the adjoining property on the north side belonging to the defendants Henderson and that on the south side to the defendants representing the estate of Eugene Germain, deceased. Eugene Germain, who has died since the appeal was taken, at the time of the commencement of the action, in addition to being in possession of the property the title to which was vested in him, was also in possession of the fourteen-foot lot under a lease made to him by plaintiff's testator, which lease by its terms would not expire until more than a year after the date of the judgment entered in the case. The common source of title of all the parties is the decree of distribution entered in the estate of Jacob Bell, deceased, December 16,

1875. By partition and mesne conveyances the defendants Henderson and Germain acquired the respective properties owned by them in the years 1882 and 1883, while plaintiff's testator acquired the fourteen feet claimed by the original decree of partition, he being one of the distributees in the estate named.

In the year 1884, the defendant Henderson caused to be erected on her property a two-story brick building, the south wall of which was placed along the division line between her property and the fourteen feet claimed by plaintiff, as to which the trial court found: That the said "south wall, as near as can now be determined . . . did not, and does not encroach upon the said property so allotted to said Solomon Bell, if at all, to exceed seven one-hundredths (7/100) of a foot along the Los Angeles street front, and not to exceed twelve one-hundredths (12/100) of a foot along its easterly line." As to the Germain property the court found: "In the year 1889, the said Eugene Germain caused a large three-story and basement brick building to be erected upon his property, and caused the north wall of his said brick building to be built and placed along the division line between his said property and the said property allotted to said Solomon Bell as near as can now be determined, but at all events the said north wall did not, and does not, encroach upon the property so allotted to Solomon Bell, if at all, to exceed a distance of fifty one-hundredths (50/100) of a foot, on Los Angeles street front, and not to exceed sixty-two one-hundreths (62/100) of a foot at the rear of said wall." It is also found that the walls of these buildings remained, as so erected, up to the time of the death of Solomon Bell in 1902, and that he knew of their being so located. It is also specifically found that both the defendants for a period of fifteen years prior to the death of Solomon Bell paid all the taxes on their respective properties as so occupied, and that such occupation was open, notorious, exclusive and under a claim of right; also, that the cause of action against each of said defendants is barred by the statute of limitations; also, that the northerly line of the Germain building and the southerly line of the Henderson building have been for more than fifteen years last past continuously, and now are, the division lines established between the properties of said defendants respectively and the property claimed by plaintiff.

The judgment is in accordance with these findings, which are fully supported by the evidence, except it be that the payments of taxes were not continuously made for fifteen years, as may be implied in the finding of adverse possession, when taken in connection with the finding that the taxes were all paid. There is, however, evidence sufficient to sustain a finding that the defendants, and each of them, paid the taxes for a period in excess of five years continuously while occupying their respective properties to the extreme lines of their respective buildings. The payment of the taxes on the same property by plaintiff, who was out of possession, would not defeat the rights of the defendants under the circumstances of this case. (*Owsley* v. *Matson,* 156 Cal. 401, [104 Pac. 985].) This finding alone is sufficient to support the judgment, rendering it unnecessary to consider any other insufficiency of the testimony. The contention that defendant Germain's right was defeated by the application of the rule that, being the tenant of plaintiff's testator, he was estopped to deny his landlord's title, has no application to the facts of this case.

Finding XIX, complained of as awarding to defendant Germain that which is not claimed by his answer, is not open to that criticism. This finding relates to the issue of possession under the lease from Solomon Bell to Eugene Germain which plaintiff, in effect, prays to have forfeited by a decree quieting her title. The finding recognizes the right of Germain to hold possession of the fourteen-foot strip under the lease until the expiration of the term thereof, subject to termination under the terms of the lease.

It is apparent that counsel for appellant has been somewhat misled in the preparation of his brief by the repeated requests of the supreme court and this court for brevity and succinctness in the presentation of cases. While "simplicity of statement" in the brief of counsel has met, and always will meet, with the approval of these courts, the effort in this direction should not go so far as to eliminate or exclude all specification or mention of the errors upon which an appellant relies for a reversal. The simplicity of presentation desired is that which avoids prolixity, verbosity and repetition; which omits theoretical disquisitions on abstract principles of law, needless presentation of questions of fact as to which the action of the trial court is final, the citation of

innumerable authorities indicative of an examination of the subject which has never passed the digest stage, etc., etc. A brief is supposed to be the vehicle of counsel to convey to the court the essential facts of his client's case, a statement of the questions of law involved, the law he would have applied, and the application he desires made of it by the court. When the brief is presented to an appellate court, it should point out to that court which of the many objections and exceptions usually found in the transcript it is the wish of appellant to have the court review. It must be assumed for this purpose that the knowledge of the court does not include the facts of the particular case, or the special errors of the trial court which appellant relies upon to overturn the judgment or order. These should be pointed out clearly, even at the hazard of encroaching upon the ideal simplicity of statement which the appellate courts have approved. Voluminous and unnecessarily padded briefs are discouraged by the courts in order that they may dispatch business. When briefs fail altogether to present the matters mentioned, the court must elect between acting as counsel for the appellant, or passing upon only such questions as are sufficiently presented for consideration by the brief, and in accomplishing the purpose mentioned, to wit, the dispatch of business, the latter course has generally been adopted.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 3, 1910.