DÍAZ ET AL., PETITIONERS AND APPELLEES, *v.* CIVIDANES, CONTESTANT AND APPELLANT.

APPEAL from the District Court of Guayama in Administration Proceedings.

No. 2287.—Decided June 16, 1921.

APPEAL—PARTITION.—An order eliminating from the report of a partitioner certain particulars in relation to claims susceptible of subsequent adjustment by the court on their merits is not appealable because it does not definitely determine any rights of the claimant and, therefore, is not final; hence an appeal from such an order should be dismissed.

ID.—ID.—TRANSCRIPT.—In an appeal from an order eliminating certain particulars from the report of the partitioner of an estate of inheritance the transcript should contain not only the report and subsequent proceedings, but also the original proceedings by virtue of which the district court acquired jurisdiction.

ID.—BRIEF.—It is presumed that the brief is the means by which the attorney conveys to the court the essential facts of his client's case, the statement of the questions of law involved, the law that he would have applied and the application thereof which he desires the court to give. When the brief is presented to an appellate court it should point out to the court which of the many objections and exceptions usually included in the transcript the appellant desires the court to review. For this purpose it should be assumed that the knowledge of the court does not include the facts of the particular case, or the special errors of the trial court on which the appellant relies for reversing the judgment or order.

The facts are stated in the opinion.

*Messrs. Muñoz & Brown* for the appellant.

*Messrs. T. Bernardini* and *J. J. Aponte* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The estate of Rufina Molinari was being administered under direction of the District Court of Guayama, and a master (*contador-partidor*) was appointed to make an inventory, valuation, liquidation and partition of the said estate.

In due course of time the said master made his report. Objection was made to this report and certain parts of it were asked to be stricken. The court, in large part, acceded to this request and from the order striking out various parts of the report this appeal was taken.

The appeal must be dismissed on several grounds and one of them, we think, fundamental. The appellee asks that the appeal be dismissed because the order striking out parts of the master's report is not one of the judgments or orders specifically enumerated in the Code of Civil Procedure. This question would depend upon whether the order striking definitely settled certain rights and hence was final. There are indications that certain rights claimed were necessarily affected by this order to strike unless the court subsequently put the appellant in such a position that he is not affected by the order to strike. To make this a little clearer we shall refer to what the appellant calls one of the fundamental facts in the case.

Rufina Molinari was married twice. On the death of her first husband, Ignacio Díaz, three pieces of land, including the plantation Merced, were adjudged to the heirs, his children, who, or their successors, are some of the parties in this suit. The widow Rufina Molinari was awarded the usufruct of all these lands and the factory and machinery situated on the plantation Merced. After a while the said Rufina Molinari married Manuel Cividanes, the appellant here. In this court he maintains that he has an interest as widower in the factory and machinery located on the plantation Merced; that also, if we follow the facts, with the consent of all the parties he continued to administer the property for some time after the death of Rufina Molinari and that he has an interest in the resulting crops; likewise that the factory was destroyed by the cyclone and was restored by funds paid out of the matrimonial property. In his report the master insisted strongly that by reason of some of the foregoing

facts, or perhaps others, there was a community property created between the heirs of Rufina Molinari and the widower. The appellees maintain that all these claims are involved in another administration, already passed upon or being passed upon by the court, and could not properly be considered in the estate of Rufina Molinari. A large part of the matter stricken out was the reference of the master to the foregoing facts.

We have no desire to enter in any specific way into the merits of the controversy, largely because we have not the adequate means before us. We are, however, convinced that this order to strike was not a final order disposing of the rights of Manuel Cividanes. The jurisprudence tends to show that an order of this kind is not a final order, but, independently of this, we think that no rights definitely passed by the order of the court striking out various matters of the report. As we have intimated, the court could still make proper allowances to Manuel Cividanes, supposing him entitled, even though the form in which they were presented by the master did not meet with the court's approval. The record shows, and the parties concede, that all questions of substance (*de fondo*) were left for further determination by the court.

Although it is entirely *obiter dicta,* we wish to say two things to aid the parties in their settlement of this case: The first is that so far as the matter stricken contains unnecessary animadversions upon the conduct of the parties rather than legitimate argument, the action of the court in striking was probably not mistaken. We are not quite so sure, however, and this is our second comment, that rights were not affected by the decision of the court that the claims of Manuel Cividanes could not be considered in this suit except as would be considered the claim of an outside creditor. We distinctly disclaim any desire to determine the question, but we think it would be very well if the court would make an

order allowing such matters that would affect the claims of Manuel Cividanes to remain in the report for ultimate action on the part of the court. Indeed, if there is any doubt it would be better to let the report stand practically as presented, subject to the final action of the court. This would need an order on the court's part restoring some of the stricken matter.

The dismissal of this appeal is in the appellant's own interest. Appellant complains that the court made this order striking out alleged unnecessary and impertinent matters without having before it the data and proof submitted to the master. The appellees maintain that presumably and almost necessarily all this matter was before the court, and then they go on to say that this court is incapable of deciding the questions of fact like the alleged community of property between the parties, because the facts have not been certified to us. In this we agree, so that if we could entertain this appeal we should probably have to affirm the order of the court below for lack of record matter that the court had before it in making its order to strike.

There is another ground of dismissal, namely, that the record certified to us contains only the master's report and matters done thereafter, but no part of the initial proceedings; not even the original petition for administration by reason of which the District Court of Guayama acquired jurisdiction. This question of a lack of sufficient record arose in our minds because the appellees maintain that it was the master himself who voluntarily raised all these questions without their being properly referred to him or even raised by the appellant. In going into the record we find nothing to confirm or refute this statement of the appellees. Not even the order referring the proceedings to the master is copied into the record proper, although it does appear as part of the master's report. Of course, if this were the only ground for dismissal, we, if requested, should permit the

appellant to bring the necessary data before us, especially as no question was raised by the appellees.

There is a third ground of dismissal, which is very important to us. In such statement of the facts as we have ventured to make in this case, we have had access to the briefs and to the master's report, but the appellant did not make a statement of facts as required by our rules. Rule 42 provides:

"Within ten days after the transcript of record has been filed in this Court, the attorney for the appellant shall file in Court a typewritten or printed brief, in duplicate, which shall contain a true and concise statement of the case, as it appears in the record; also an assignment of errors upon which his appeals is based, and he shall in addition thereto comply with the law of procedure now in force."

The words "which shall contain a true and concise statement of the case as it appears in the record" have a definite meaning, a result of the experience of courts for a very long time. Essentially, the words mean that it should be unnecessary for the court to go to the record to determine what are the essential facts, but only for the purpose of verifying them or to ascertain disputed points. The appellant is bound to make the outline of his case appear in his brief; so that the court may know from it the disputed questions involved. For example, there is no distinct statement in his brief as to the alleged community of property existing between the parties or how and why it arose. During the course of his argument appellant perhaps makes some of it appear, but the statement of itself as required by the rules does not appear. A citation from *Bell* v. *Germain et al.*, 107 Pac. 630, is applicable:

"A brief is supposed to be the vehicle of counsel to convey to the court the essential facts of his client's case, a statement of the questions of law involved, the law he would have applied, and the application he desires made of it by the court. When the brief is

presented to an appellate court it should point out to that court which of the many objections and exception usually found in the transcript it is the wish of appellant to have the court review. It must be assumed for this purpose that the knowledge of the court does not include the facts of the particular case, or the special errors of the trial court which appellant relies upon to overturn the judgment or order. These should be pointed out clearly, even at the hazard of encroaching upon the ideal simplicity of statement which the appellate courts have approved. Voluminous and unnecessarily padded briefs are discouraged by the courts in order that they may dispatch business. When a brief fails altogether to present the matters mentioned, the court must elect between acting as counsel for the appellant, or passing upon only such questions as are sufficiently presented for consideration by the brief, and in accomplishing the purpose mentioned, to wit, the dispatch of business, the latter course has generally been adopted."

In order to have an idea of the facts of this case we have had to read through the record with very little aid from the briefs.

*Appeal dismissed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.