DÍAZ ET AL., PETICIONARIOS Y APELADOS, *v.* CIVIDANES, OPOSITOR Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en procedimiento sobre administración judicial.

No. 2287.—Resuelto en junio 16, 1921.

DESESTIMACIÓN DE APELACIÓN — INFORME DEL CONTADOR-PARTIDOR — ORDEN INAPELABLE.—Una orden eliminando del informe del contador-partidor ciertos

particulares en relación con reclamaciones de una persona, susceptibles de ser resueltas subsiguientemente por la corte en su fondo, no es apelable por no determinar definitivamente sobre derecho alguno de esa persona y no ser por tanto final; por lo que una apelación contra tal orden debe desestimarse.

ID.—TRANSCRIPCIÓN DEFECTUOSA.—El *transcript* de apelación de una orden eliminando ciertos particulares de un informe rendido por el contador-partidor de una herencia debe contener no solamente el informe y procedimientos subsiguientes sino también los procedimientos iniciales por virtud de los cuales adquirió jurisdicción la corte de distrito.

ID.—ALEGATO DEFECTUOSO—RELACIÓN DE LA CAUSA EN EL ALEGATO.—Se supone que el alegato es el conductor del abogado que lleva a la corte los hechos esenciales del caso de su cliente, la exposición de las cuestiones legales envueltas, la ley que él hubiera aplicado y la aplicación que él desea se dé por la corte. Cuando el alegato se presenta a una corte de apelación debe indicar a esa corte cuáles de las muchas objeciones y excepciones que generalmente se encuentran en la transcripción desea el apelante que la corte revise. A este fin debe asumirse que el conocimiento de la corte no incluye los hechos del caso en particular, o los errores especiales de la corte sentenciadora en los cuales se funda el apelante para anular la sentencia o resolución.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Muñoz & Brown.*

Abogados de los apelados: *Sres. T. Bernardini* y *J. J. Aponte.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Los bienes relictos de Rufina Molinari se encontraban bajo administración judicial por orden de la Corte de Distrito de Guayama, habiendo sido nombrado un contador partidor para que hiciera un inventario, avalúo, liquidación y partición de dichos bienes. A su debido tiempo dicho contador partidor presentó su informe. Fueron hechas impugnaciones a este informe y se solicitó que ciertos particulares del mismo quedaran eliminados. La corte accedió en gran parte a esta petición y contra la resolución ordenando la eliminación de varias partes del informe fué interpuesta esta apelación.

La apelación debe ser desestimada por varios motivos y creemos que uno de ellos es fundamental. Los apelados solicitan que sea desestimada la apelación porque la resolución por la que se eliminan partes del informe del contador partidor no es una de las sentencias o resoluciones que es-

pecíficamente se enumeran en el Código de Enjuiciamiento Civil. Esta cuestión dependería de si la resolución ordenando las eliminaciones determinaba definitivamente ciertos derechos y por tanto era final. Existen indicaciones de que ciertos derechos reclamados quedaban necesariamente afectados por esta resolución de eliminación a menos que la corte subsiguientemente colocara al apelante en tal condición que no le afecte la resolución sobre las eliminaciones. Para que esto sea un poco más claro haremos referencia a lo que el apelante llama uno de los hechos fundamentales del caso.

Rufina Molinari fué casada dos veces. Al ocurrir el fallecimiento de su primer esposo, Ignacio Díaz, tres fincas rústicas incluyendo la hacienda "Merced," fueron adjudicadas a los herederos, sus hijos los cuales o sus sucesores son algunas de las partes en este pleito. Se dió a la viuda Rufina Molinari el usufructo de todas estas fincas y el dominio de la fábrica y maquinaria que estaban en la hacienda "Merced." Después la referida Rufina Molinari contrajo matrimonio con Manuel Cividanes que es el apelante en este caso. En esta corte sostiene él que tiene interés como viudo en la fábrica y maquinaria situadas en la hacienda "Merced"; que también, si seguimos los hechos, que con el consentimiento de todas las partes continuó él administrando por algún tiempo la finca después del fallecimiento de Rufina Molinari y que tiene interés en el resultado de las cosechas; asimismo que la fábrica fué destruída por el ciclón y levantada nuevamente con fondos satisfechos de los bienes gananciales. En su informe el contador insistió vigorosamente en que por razón de algunos de los anteriores hechos, o tal vez otros, existía una comunidad de bienes creada entre los herederos de Rufina Molinari y el viudo. Alegan los apelados que todas estas reclamaciones están envueltas en otra administración ya resuelta o por resolverse por la corte y que propiamente no podían ser consideradas en los bienes de Rufina Molinari.

Una gran parte de la materia eliminada fué la referencia hecha por el contador a los hechos anteriores.

No deseamos considerar en forma específica alguna los méritos de la controversia principalmente por no tener los medios adecuados ante nos. Estamos, sin embargo, convencidos de que esta resolución para eliminar no era una orden definitiva que resolvía los derechos de Manuel Cividanes. La jurisprudencia tiende a mostrar que una resolución como ésta, no es final, pero independientemente de esto, creemos que ningunos derechos fueron resueltos definitivamente por la resolución de la corte eliminando varias partes del informe. Como hemos sugerido, la corte pudo todavía hacer debidas adjudicaciones a Manuel Cividanes suponiendo que tuviera·él derecho a las mismas aún cuando la forma en que fueron presentadas por el contador no mereció la aprobación de la corte. Los autos muestran, y lo admiten las partes, que todas las cuestiones de fondo quedaron para ulterior resolución por la corte.

Aunque es enteramente *obiter dicta,* dos cosas queremos decir para ayudar a las partes en la determinación de este caso. La primera es que en tanto la materia eliminada contiene innecesario reproche acerca de la conducta de las partes, más bien que sanos argumentos, la actuación de la corte al eliminar, probablemente no fué equivocada. No estamos tan seguros, sin embargo, y este es nuestro segundo comentario, que no quedaban afectados derechos por la resolución de la corte respecto a que las reclamaciones de Manuel Cividanes no podían ser consideradas en este pleito excepto como lo sería la reclamación de otro acreedor cualquiera. Negamos positivamente todo deseo de resolver la cuestión, pero creemos que estaría bien que la corte dictara una orden permitiendo que aquellas cosas que afectaran a las reclamaciones de Manuel Cividanes quedaran en el informe hasta la actuación definitiva por parte de la corte. En verdad, de existir alguna duda sería mejor dejar el informe tal como

ha sido presentado sujeto a la acción definitiva de la corte. Esto haría necesaria una orden por parte de la corte reponiendo alguna parte de la materia eliminada.

La desestimación de esta apelación es en beneficio mismo del apelante. Se queja éste de que la corte dictó esta resolución eliminando cuestiones que se alega eran innecesarias e impertinentes sin tener a la vista los datos y prueba presentados al contador. Los apelados sostienen que es de presumirse y casi necesariamente toda esta materia estaba ante la corte, pasando entonces a decir que esta corte no puede resolver cuestiones de hecho como la alegada comunidad de bienes entre las partes porque los hechos no nos han sido certificados. En esto estamos conformes, de modo que si pudiéramos conocer de esta apelación probablemente tendríamos que confirmar la resolución de la corte inferior por falta de las constancias de autos que la corte tuvo ante sí al dictar su resolución eliminatoria.

Hay otro fundamento de desestimación, o sea, que los autos certificados a nosotros sólo contiene el informe del contador y las actuaciones ocurridas después, pero ninguna parte de los procedimientos iniciales, ni siquiera la petición original para la administración por virtud de la cual la Corte de Distrito de Guayama adquirió jurisdicción. Esta cuestión de falta de unos autos suficientes surgió en nuestra mente por sostener los apelados que fué el mismo contador quien voluntariamente levantó todas estas cuestiones sin serles debidamente encomendadas o ni siquiera promovidas por el apelante. Al examinar los autos nada encontramos que confirme o contradiga esta manifestación de los apelados. Ni siquiera la orden encomendando los procedimientos al contador se copia en los autos propios, aunque sí aparece como parte del informe del contador. Por supuesto que si fuera éste el único fundamento para la desestimación, de solicitarse permitiríamos al apelante que nos presentara todos

los datos necesarios, especialmente por no haber sido promovida ninguna cuestión por los apelados.

Hay un tercer fundamento para la desestimación que es muy importante para nosotros. En una exposición de los hechos como la que nos hemos aventurado a hacer en este caso hemos podido considerar los alegatos y el informe del contador partidor, pero el apelante no preparó una relación de los hechos como prescriben nuestras reglas. La Regla 42 prescribe lo siguiente:

"Dentro de diez días después 'de haberse presentado a este tribunal la copia de los autos, el letrado defensor del recurrente, presentará al tribunal un alegato por duplicado, impreso o escrito en maquinilla, que contendrá una relación fiel y concisa de la causa tal como conste en los autos, así como una exposición de los errores en que funda su recurso, y además de ésto, cumplirá con la Ley de Enjuiciamiento actualmente en vigor."

Las palabras "que contendrá una relación fiel y concisa de la causa tal como conste en los autos," tienen una significación definida, resultado de la experiencia de las cortes por mucho tiempo. Las palabras esencialmente significan que sería innecesario para la corte examinar los autos para determinar cuáles son los hechos esenciales sino solamente con el objeto de comprobarlos o averiguar hechos controvertidos. El apelante está obligado a hacer que la reseña de su caso conste en su alegato de modo que la corte pueda saber por ella cuáles son las cuestiones litigiosas envueltas. Por ejemplo, no existe ninguna manifestación específica en su alegato respecto a la alegada comunidad de bienes existente entre las partes o de cómo y cuándo surgió. En el curso de su argumentación el apelante quizás hace constar algo de ella, pero no aparece la relación misma prescrita por las reglas. La siguiente cita del caso *Bell* v. *Germain et al.,* 107 Pac. 630, es de aplicación:

"Se supone que el alegato es el conductor del abogado que lleva a la corte los hechos esenciales del caso de su cliente, la exposición

de las cuestiones legales envueltas, la ley que él hubiera aplicado y la aplicación que él desea se dé por la corte. Cuando el alegato se presenta a una corte de apelación debe indicar a esa corte cuáles de las muchas objeciones y excepciones que generalmente se encuentran en la transcripción desea el apelante que la corte revise. A este fin debe asumirse que el conocimiento de la corte no incluye los hechos del caso en particular; o los errores especiales de la corte sentenciadora en los cuales se funda el apelante para anular la sentencia o resolución. Estos deben indicarse claramente aun a riesgo de invadir la simplicidad ideal de expresión que las cortes de apelación han aprobado. Las cortes con el fin de poder despachar sus asuntos no favorecen la idea de presentar alegatos innecesariamente voluminosos y superfluos. Cuando en el alegato se deja enteramente de presentar las materias mencionadas la corte debe elegir entre actuar como abogado del apelante o resolver solamente aquellas cuestiones que han sido presentadas suficientemente para su consideración por medio de alegato, y al cumplir con el objeto indicado, o sea, el despacho de los asuntos, el segundo procedimiento ha sido generalmente adoptado.''

Para poder tener una idea de los hechos de este caso hemos tenido que examinar los autos con muy poca ayuda de los alegatos.

La apelación debe ser desestimada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.