MAZARREDO ET AL., PLAINTIFFS AND APPELLANTS, *v.* RAMÍREZ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Aguadilla in an Action of Ejectment.

No. 2295.—Decided July 14, 1921.

APPEAL—ASSIGNMENT OF ERRORS.—An assignment of errors is in the nature of a pleading and in the court of last resort it takes the place of a complaint in the court of original jurisdiction. The object of an assignment of errors is to point out the specific errors alleged to have been committed by the lower court in order to direct the attention of the reviewing court and counsel for the adverse party to the points on which counsel for the appellant intend to rely for a reversal of the judgment and to limit the argument to those points.

The facts are stated in the opinion.

*Mr. Luis Llorens Torres* for the appellants.

*Messrs. E. Acuña, Reichard & Reichard* and *S.* and *A. García Ducós* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On May 24, 1920, the District Court of Aguadilla ordered that the amended complaint filed in this case should be struck from the record and the plaintiffs appealed to this court. The record having been brought up, the plaintiffs filed a brief containing a short statement of the case and an assignment of errors as follows:

"The present appeal is based on various errors committed by the District Court of Aguadilla, as follows:

"1. The court erred in its order of July 23, 1919, in sustaining the demurrer for lack of cause of action in the actions of ejectment, of nullity and for damages set up in the original complaint.

"2. The court erred in its said order of July 23, 1919, in sustaining the other grounds of demurrer interposed against the original complaint.

"3. The court erred in its final order of May 24, 1920, in holding that the amended complaint did not contain sufficient allegations to constitute the causes of action therein asserted.

"4. The court erred in its final order of May 24, 1920, in sustaining the motion to strike, in striking the amended complaint and in not giving the plaintiffs an opportunity to amend their complaint if they were so advised.

"And, reserving the right to argue the said errors orally or by brief, the plaintiff-appellants pray the Supreme Court, after the proper proceedings, to reverse the decision appealed from, *i. e.*, the final order of the Court of Aguadilla of May 24, 1920, and to order the further prosecution of the case, with such other pronouncements as may be deemed necessary and proper."

The appellees also filed their brief and, among others, raised the following question: "The brief of the appellants does not contain an assignment of the errors on which the appeal is based, as required by Rule 42 of this court, and that omission justifies the dismissal of the appeal in ac-

cordance with Rule 60.'' They argued the question as follows:

''Rule 42 of the Supreme Court imposes upon the appellant, among other obligations, that of filing in court within ten days after the transcript of record has been filed, a typewritten or printed brief containing (*a*) a true and concise statement of the case as it appears in the record and (*b*) an assignment of the errors upon which his appeal is based. Rule 60 empowers the court, in its discretion, to dismiss an appeal at any time if the appellant should fail to comply with any of the duties or requirements imposed upon him by law or by the said rules.

''Have the appellants in this case complied with the said rule? Undoubtedly not.

''As we have said in the seventh paragraph of our statement of the case, and as appears from the brief of the appellants, the latter only repeats in four different paragraphs that the court erred in making the orders sought to be reviewed, without stating what the error consists of or the reasons or grounds showing the existence of such errors.

''To state superficially that the court erred is not, from our point of view, to assign the errors on which an appeal is based. The assignment of errors required by the rules and sanctioned by practice must necessarily contain these two elements: (*a*) a specific and concrete statement of the erroneous matter and (*b*) a statement, at least synthetically, of the reasons or grounds on which the appellant relies to contend that the action or decision of the court to be reviewed is erroneous.

''The omission of these particulars from the brief of the appellants can not be supplied by general statements made vaguely and without specification, although they may be repeated, that the court erred in making the order appealed from, because this ultimately amounts to nothing more than repeating what was already tacitly said in the notice of appeal before the lower court.

''Every appellant from an order of a court appeals because of the belief that such order is erroneous, either in its conclusions of law or in its findings of fact. His first action, tacitly inferred from the act of appealing, is, therefore, to allege that the order appealed from is erroneous. But in order that this imputation may be submitted to the consideration of the appellate court it is absolutely necessary by the express mandate of logic, translated into a provi-

sion of all laws of procedure on appeal (Rule 42 in this case), to state clearly and specifically (*a*) what the error assigned consists of and (*b*) what are the reasons or grounds of the appellant for considering the order appealed from erroneous. This can be the only meaning of the phrase 'assignment of the errors upon which his appeal is based' used in the rule. If the error is not particularly pointed out, or a ground given for the appellant's point of view, at least in a concise form, the juridical problem for decision on appeal is not well stated and the appellate court, which can not proceed by divination, has not before it the necessary elements for its solution. This is why the rule above cited, like every law of procedure in matters of appeal, requires the appellant to set out clearly and specifically the problem to be solved, by a statement of the erroneous matters and of the grounds on which they are considered erroneous.

''On the other hand, it is necessary to consider that the position of the appellants, whose brief simply repeats that the court erred in entering· the orders mentioned, without specifying the errors or giving grounds therefor, is evidently one of advantage over the appellees, who through the dexterity of the plaintiffs still do not know and can not presume what the errors ascribed to the court below consist of, nor what reasons the appellants had for their contention in this case; and as every step of procedure is inspired in an honest principle of absolute equality between the litigants and the repudiation of every condition of surprise or advantage of one party to the prejudice of the other, it is for this reason that the appellees are of the opinion that this is a proper case to ask the Supreme Court to exercise, for the sake of the purity of the proceedings and of strict compliance with its own rules of procedure, the power conferred upon it by Rule 60.

''The best evidence that the appellants do not present themselves in this case in the open and lawful manner demanded by their position of appellants is found in the final paragraph of their brief preceding the prayer, wherein they expressly reserve their assumed right to discuss orally or by brief the errors contained in the order appealed from.

''The value of this reservation is for this court only to determine and it will surely do so with its accustomed fairness; but the appellees may be permitted to hold up the said reservation as an evident admission by the appellants that they had failed to comply with the provisions of the rule, for if they had formerly stated and pre-

sented the errors contained in the order appealed from, it would not be necessary to reserve the right to discuss them.

"Our contention in this matter is supported by the folowing decisions of this court: *Axtmayer v. Ortiz*, 19 P. R. R. 476; *Santiago et al. v. Somonte et al.*, 20 P. R. R. 305; *Goble & Jiménez v. Truyol & Company*, 27 P. R. R. 363; *Royal Bank of Canada v. A. McCormick & Co. et al.*, 27 P. R. R. 383.

"The following also supports our contention:

" 'Assignment of Errors—Nature and Object.—An assignment of errors is in the nature of a pleading, and, in the court of last resort, it performs the same office as a declaration or complaint in a court of original jurisdiction. The object of an assignment of errors is to point out the specific errors claimed to have been committed by the court below, in order to enable the reviewing court and opposing counsel to see on what points plaintiff's counsel intends to ask a reversal of the judgment or decree, and to limit discussion to those points.' 2 Cyc. 980."

The brief of the appellees was served on the appellants on the 12th of March, last, and notwithstanding the fact that the point was raised in such a clear, reasoned and ample manner as we have just seen, the appellants appeared at the hearing on the appeal on the 18th day of the same month without having done anything to show their intention to comply with the rule. They only argued the case orally through their distinguished and learned attorney.

This court has recently expressed its point of view unequivocally in connection with the perfection of appeals. It is impossible for us to comply with our duties if the cases submitted to this court are not properly presented.

On the 20th of April, last, the court dismissed the appeal in the case of *Heirs of Suro v. Heirs of Prado et al., ante,* page 337. There it was said:

"The brief apparently discusses a number of errors, without clear definition. * * * The brief * * * is not a fair notice to his adversary of the matters to be insisted upon in argument and would be of very little assistance to the court."

And on the 16th of June, last, the appeal in the case of *Díaz et al.* v. *Cividanes, ante,* page 541, was dismissed and the question was fully discussed in the opinion, citing the case of *Bell* v. *Germain et al.,* 107 Pac. 630, which contains the following very expressive paragraph:

"A brief is supposed to be the vehicle of counsel to convey to the court the essential facts of his client's case, a statement of the questions of law involved, the law he would have applied, and the application he desires made of it by the court."

If we had to dispose of this appeal on its merits it would be necessary to resort to our memory, more or less accurate, to recall the argument of the appellants, or to convert ourselves into their attorneys. This should not be required.

The appellants, therefore, not having perfected their appeal in the manner required by our rules and by practice and the jurisprudence of the courts, the motion of the appellees must be sustained and the appeal dismissed.

*Appeal dismissed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.