Mazarredo et al., Demandantes y Apelantes, *v.* Ramírez et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Aguadilla en pleito sobre reivindicación de inmuebles y otros extremos.

No. 2295.—Resuelto en julio 14, 1921.

Apelación — Alegato Insuficiente — Señalamiento de Errores en el Alegato.—Un señalamiento de errores es por su naturaleza como una alegación, y en la corte de último recurso juega el mismo papel que una demanda en la corte de jurisdicción original. El objeto del señalamiento de errores es apuntar los errores específicos que se alega haber sido cometidos por la corte inferior, con el fin de exponer a la vista de la corte de revisión y de los abogados de la parte contraria los puntos sobre que los abogados del apelante se proponen solicitar la revocación de la sentencia o decreto, y limitar la discusión a esos puntos.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Luis Llorens Torres.*

Abogados de los apelados: *Sres. E. Acuña, Reichard & Reichard, y S. y A. García Ducós.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El 24 de mayo de 1920 la Corte de Distrito de Aguadilla decretó la eliminación total de la demanda enmendada presentada en este pleito y los demandantes apelaron para ante este tribunal. Elevados los autos, los demandantes archivaron su alegato que contiene una breve relación del caso, y como asignación y exposición de errores lo que sigue:

"La presente apelación se funda en varios errores cometidos por la Corte de Distrito de Aguadilla, los cuales se expresan a continuación:

"1. La corte apelada erró, en su resolución de 23 de julio de 1919, al declarar con lugar las excepciones de falta de causa de acción contra las acciones de reivindicación, de nulidad y de indemnización ejercitadas en la demanda original primitiva.

"2. La corte apelada erró, en su expresada resolución de 23 de julio de 1919, al declarar con lugar las demás excepciones interpuestas contra dicha demanda original.

"3. La corte apelada erró, en su última resolución definitiva de 24

de mayo de 1920, al declarar que la demanda enmendada no contiene alegaciones suficientes para determinar las acciones que en ella se ejercitan.

"4. La corte apelada erró, en su final resolución de 24 de mayo de 1920, al declarar con lugar la moción para eliminar y al decretar la eliminación de la demanda enmendada, y al no darle a las demandantes oportunidad para enmendar su *pleading* de demanda si lo juzgaban procedente.

"Y reservándose el derecho de argumentar oralmente o por escrito dichos errores, los demandantes y apelantes, suplican a la honorable Corte Suprema que, previos los trámites legales, se sirva revocar la decisión apelada o sea la última resolución dictada por la corte de Aguadilla con fecha 24 de mayo de 1920, y disponer que continúe la tramitación del pleito y demás pronunciamientos que se juzguen necesarios y procedentes."

Los apelados archivaron también su alegato y, entre otras, levantaron la siguiente cuestión:

"El alegato del apelante no contiene la exposición de los errores que fundamentan el recurso, exigido por la sección 42 del Reglamento de esta corte; y tal omisión determina la desestimación de la apelación de acuerdo con la sección 60 del mismo."

Y argumentaron la cuestión así:

"La sección 42 del reglamento de esta Suprema Corte, impone al apelante entre otras obligaciones, la de presentar al tribunal dentro de los diez días siguientes al archivo de la transcripción del record, un alegato escrito o impreso que debe contener (*a*) una relación fiel y concisa del caso, tal como de los autos resulte; y (*b*) una exposición de los errores en que funda su recurso; y la sección 60 del propio reglamento capacita discrecionalmente al tribunal para en cualquier tiempo desestimar toda apelación en que el apelante dejare incumplido cualquiera de los deberes o requisitos que la ley o dicho reglamento le imponen.

"¿Ha cumplido en este caso el apelante con lo ordenado en la sección transcrita? Indudablemente nó.

"Como dejamos consignado en el párrafo séptimo precedente, de nuestra Relación del Caso, y como evidencia el alegato del apelante, éste se ha limitado a repetir en cuatro distintos párrafos, que la corte erró al dictar las resoluciones a cuya revisión aspira, en cada

uno de los particulares que tales resoluciones contienen sin exponer en qué consiste el error, ni las razones o motivos que permiten afirmar la existencia de tales errores.

''Y consignar somera y escuetamente que la corte ha errado, no es a nuestro modo de ver, exponer los errores en que se funda un recurso. El señalamiento o exposición de errores que exige el reglamento y la práctica consagra, debe contener necesariamente los dos elementos integrantes: (*a*) expresión concreta y específica de la materia errónea, y (*b*) expresión, cuando menos sintética, de las razones o fundamentos que al apelante inducen a sostener como errónea la actuación o resolución de la corte que motiva el recurso.

''La omisión en el alegato del apelante de estos particulares, que son reglamentarios, no se suple con manifestaciones genéricas, y de todo punto vagas e inconcretas, aunque sean repetidas, de que la corte inferior erró al dictar la resolución de que se recurre: porque esto en definitiva no es otra cosa que reptir lo que ya se dijo implícitamente en el escrito anunciando la apelación ante la corte inferior.

''Todo el que apela de una resolución judicial, lo hace por entender que dicha resolución es errónea, ya en sus fundamentos de hecho, o bien en los de derecho. Su primera actuación implícitamente envuelta en el hecho de apelar, es por consiguiente, acusar de errónea la resolución apelada. Más para que esta acusación o imputación pueda ser sometida a la consideración y resolución de una corte de apelación, precísase y requiérese, por mandato imperativo de lógica, traducido en precepto de ley existente en todo procedimiento regulador de apelaciones, (artículo 42 del reglamento en nuestro caso), que se exprese y consigne de un modo claro y específico (*a*) en qué consiste el error imputado, y (*b*) cuáles son las razones o motivos que el apelante tiene para estimar errónea la resolución recurrida, cuáles son los fundamentos de la imputación de errónea que hace a la resolución apelada. Esto y no otra cosa puede significar la frase 'exposición de los errores en que funda su recurso' empleada en el reglamento. Si el particular del error no se puntualiza, ni se fundamenta, siquiera sea en forma concisa la apreciación del apelante, el problema jurídico a resolver en la apelación, no resulta planteado, y el Tribunal de Apelación, que no puede proceder por adivinación, carece de los elementos necesarios para resolverlo: y es por ello que el precepto reglamentario citado, al igual que toda ley procesal reguladora de la materia de apelaciones exije al apelante, el planteamiento claro y específico del problema que ha de resolver, en sus extremos necesarios de materia errónea, y fundamento del cualificado erróneo.

"De otra parte es de considerar que la posición del apelante, limitándose en su alegato de apelación a repetir sencillamente que la corte ha errado en las resoluciones que cita, sin especificar los errores ni fundamentar su imputación, resulta notoriamente ventajosa sobre la de los apelados, que a esta hora, merced a la habilidad de los demandantes, ni saben ni pueden presumir, en qué estriban los errores que a la corte inferior se atribuyen, ni qué razones tiene el apelante para sostener su tesis en el caso; y como todo trámite procesal se encamina e inspira en el honesto principio de absoluta igualdad entre los litigantes, y repudiación de toda situación de sorpresa, o ventaja para una parte con daño para la otra, es por ello que los apelados entienden llegado el caso de impetrar de esta Suprema Corte, que velando por la pureza del procedimiento y por el exacto cumplimiento de sus propias reglas procesales, ejercite la facultad que le concede la sección 60 del reglamento.

"La mejor demostración de que el apelante no se presenta en este debate en la forma abierta y legal que requiere su condición de apelante, se encuentra en aquel párrafo final de su alegato, precedente a la súplica, en que de modo expreso se reserva el derecho que cree asistirle de argumentar oralmente o por escrito los errores de la resolución apelada.

"El valor de esta reserva es a este tribunal el único que compete establecerlo y seguramente lo hará con la justificación que acostumbra: más a los apelados ha de serles permitido analizando su alcance, presentar dicha reserva como una patente admisión de parte del apelante de que ha dejado incumplidas las disposiciones del reglamento en la materia que nos ocupa, toda vez que si hubiera establecido y presentado antes los errores de la resolución apelada, no precisaba reservarse el derecho de argumentarlos.

"Nuestra contención en el particular que nos ocupa viene sostenida por los siguientes casos resueltos por esta honorable corte, a saber: *Axtmayer* v. *Ortiz,* 19 D. P. R. 499; *Santiago* v. *Somonte,* 20 D. P. R. 301; *Goble y Jiménez* v. *Truyol,* 27 D. P. R. 392; *Bank of Canada* v. *MacCormick,* 27 D. P. R. 415.

"También apoya nuestra tesis el siguiente principio:

" '*Assignment of Errors.—Nature and Object.—An assigment of errors is in the nature of a pleading, and, in the court of last resort, it performs the same office as a declaration or complaint in a court of original jurisdiction. The object of an assignment of errors is to point out the specific errors claimed to have been committed by the court below, in order to enable the reviewing court and opposing*

*counsel to see on what points plaintiff's counsel intends to ask a reversal of the judgment or decree and to limit discussion to those points.' 2 Cyc. 980."*

El alegato de los apelados se notificó a los apelantes el 12 de marzo último y no obstante haberse el punto levantado en la forma tan clara, razonada y amplia que acabamos de ver, los apelantes comparecieron a la vista del recurso el 18 del propio mes sin ejecutar acto alguno revelador de su intención de cumplir con el precepto reglamentario. Se limitaron a argumentar, por medio de su distinguido e ilustrado letrado, su caso oralmente.

Recientemente este tribunal ha expresado de una manera inequívoca su criterio en relación con el perfeccionamiento de las apelaciones. Es imposible que podamos cumplir con nuestros deberes, si los casos que a esta corte se someten no se presentan en debida forma.

El 20 de abril último el tribunal desestimó la apelación en el caso de la Sucesión Suro contra la Sucesión Prado. Allí se dijo:

"En el alegato se discuten al parecer un número de errores, sin una clara determinación de los mismos. * * * El alegato * * * no es una notificación suficiente a la parte contraria de las cuestiones en que se ha de insistir en el acto de la vista y sería de muy poca ayuda para la corte."

Y el 16 de junio próximo pasado se desestimó también la apelación en el caso de *Díaz* v. *Cividanes,* tratándose la materia ampliamente en la opinión en la que se cita el caso de *Bell* v. *Germani et al.,* 107 Pac. 630, que contiene un párrafo tan expresivo como éste:

"Se supone que el alegato es el conductor del abogado que lleva a la corte los hechos esenciales del caso de su cliente, la exposición de las cuestiones legales envueltas, la ley que él hubiera aplicado y la aplicación que él desea que se dé por la corte."

Si tuviéramos que proceder a la resolución de este re-

curso, tendríamos que recurrir a nuestra memoria, más o menos fiel, para recordar los argumentos de los apelantes, o convertirnos en abogados suyos.   Esto no debe suceder.

No habiendo, pues, los apelantes perfeccionado su apelación en la forma que nuestras reglas y la práctica y la jurisprudencia de los tribunales exigen, debe declararse con lugar la petición de los apelados y desestimarse el recurso.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.