LÓPEZ, DEMANDANTE Y APELADO, *v.* SUCESORES DE L. VILLAMIL & CÍA., S. EN C., ET AL., DEMANDADOS Y APELANTE LA PRIMERA.

No. 3243.—*Visto:* Mayo 9, 1924. *Resuelto:* Julio 9, 1924.

*Injunction* PARA IMPEDIR LA VENTA JUDICIAL—TERCERÍA—ANOTACIÓN DE DEMANDA.
—El *injunction* es remedio adecuado para un tercerista que reclama la propiedad de un condominio embargado. El remate de la finca cuyo dominio se discute, puede dar lugar a multiplicidad de procedimientos y ocasionar daños de difícil valuación a la persona que la reclama como suya. La anotación de la demanda de tercería en el registro no sería un remedio enteramente eficaz.

RESOLUCIÓN de *Charles E. Foote, J.* (San Juan, Primer Distrito), declarando con lugar solicitud de auto de injunction en un procedimiento de tercería. *Confirmada.*

*R. H. Blondet* y *J. Valldejuli,* abogados de la apelante; *L. Muñoz Morales,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Sucesores de L. Villamil y Co., S. en C. establecieron demanda en la Corte de Distrito de San Juan, Primer Distrito, contra Ernesto López Díaz y otro, en cobro de dinero, y obtuvieron sentencia a su favor. Para ejecutarla embargaron la participación indivisa que al demandado correspondía en

la herencia de su padre de cuya herencia formaba parte cierta propiedad inmueble. Se anunció la venta de los bienes embargados en pública subasta y Ulises López Díaz presentó una demanda de tercería alegando que el condominio embargado era de su propiedad, por haberlo comprado a su hermano Ernesto con anterioridad al embargo. El tercerista pidió además que se librara un mandamiento de injunction suspendiendo la subasta. Y la corte accedió.

No conformes Sucesores de L. Villamil y Co., S. en C., apelaron para ante este tribunal radicando un alegato que contiene treinta y ocho páginas en maquinilla y en el que se trata el asunto en todos sus detalles y bajo todos sus aspectos, pero que podría ser desestimado porque no contiene el señalamiento de errores que exigen las reglas de esta corte. A no ser porque la parte contraria se encargó de entresacar los errores y discutirlos separadamente, su estudio hubiera sido difícil. Es para la buena administración de la justicia que existen las reglas de la corte. Para un estudio de la naturaleza y función de un alegato véase el caso de *Mazarredo et al.* v. *Ramírez et al.,* 29 D.P.R. 796.

La resolución apelada está fundada por la propia corte sentenciadora así:

"No hay duda de que el demandante, como cuestión legal, tiene derecho al remedio solicitado, no tan sólo dentro de las disposiciones de la ley general sobre 'Injunction,' sino como remedio especial dentro del procedimiento de tercería.

"La corte es de opinión que las alegaciones contenidas en la petición presentada, y la prueba aportada el día señalado para su vista, justifican la expedición del Injunction solicitado. El remate de una finca cuyo dominio se discute, puede dar lugar a multiplicidad de procedimientos y ocasionar daños de difícil valuación a la persona que la reclamase como de su propiedad. El remedio en ley (anotación de demanda en el registro) que se alega tiene el demandante, no lo es eficaz, pues con él no podía evitarse la venta en pública subasta que es precisamente el acto cuyas consecuencias perjudiciales al peticionario trátanse de prevenir."

En los dos párrafos que preceden se condensa todo este asunto al cual se ha dado por el apelante una extensión indebida. La demanda de tercería, la petición de injunction y la prueba practicada, presentan un caso *prima facie* a favor del tercerista. Si bien el embargo se anotó con anterioridad al registro definitivo de la compra del tercerista, la compra, que consta en escritura pública, tuvo lugar mucho antes no sólo del embargo si que también de la sentencia en que el embargo se basó. Y en cuanto al injunction, el solicitado y obtenido está expresamente autorizado por la ley especial sobre la materia que dice:

"La tercería respecto a bienes inmuebles se iniciará por demanda que formalizará el reclamante contra todas las personas que tengan interés en el asunto y el juicio se sustanciará por los trámites del Código de Enjuiciamiento Civil. *Disponiéndose,* que en las tercerías de esta clase sólo podrá suspender el tercerista una orden de ejecución para el trámite de subasta mediante interdicto·prohibitorio (*injunction*) de acuerdo con la ley definiendo los *injunctions* aprobada en marzo 8 de 1906; y *disponiéndose, además,* que para conocer del interdicto tendrá jurisdicción la misma corte ante la cual se sustancie la tercería." Sección 5276 de la Comp. de 1911, página 891.

La jurisprudencia que cita el apelante en su alegato no es del todo aplicable. Se trata aquí como hemos dicho de un caso especial y los hechos se ajustan perfectamente a la ley.

No debe perderse de vista que la corte de distrito no había resuelto definitivamente el pleito de tercería. La apelación versa solamente sobre la orden de *injunction*. Es por ello que nos hemos limitado a decir que el tercerista presentó un caso *prima facie* a su favor y no hemos entrado a discutir ampliamente los méritos de la cuestión de derecho envuelta. De otro modo nos hubiéramos visto obligados quizá a prejuzgar la resolución definitiva del litigio.

Debe *confirmarse la resolución apelada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.